Present—Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.

■ In the Matter of DAVID ELIA et al., as Holders of Twenty-Five Percent of All Outstanding Shares, Appellants. SEVENSON CONSTRUCTION CORPORATION et al., Respondents. (Appeal No. 1.)—Order and judgment unanimously affirmed, with costs. Memorandum: We see no reason to disturb the Referee's finding that the directors of Sevenson Construction Corporation were not guilty of oppressive actions toward the petitioners; hence, petitioners are not entitled to relief under Business Corporation Law § 1104-a (a) (1). (Appeal from order and judgment of Supreme Court, Niagara County, McGowan, J.—corporate dissolution.) Present—Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.

■ TELMARK, INC., Appellant-Respondent, v C & R FARMS, INC., et al., Respondents. C & R FARMS, INC., et al., Counterclaim Plaintiffs-Respondents, v TELMARK, INC., et al., Counterclaim Defendants-Appellants. AGWAY, INC., Third-Party Plaintiff, v ONDULINE U.S.A., INC., Third-Party Defendant-Appellant. (Appeal No. 1.)—Appeal unanimously dismissed, without costs, as academic. (Appeals from order of Supreme Court, Onondaga County, Lawton, J.—amend answer.) Present—Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.

■ TELMARK, INC., Appellant-Respondent, v C & R FARMS, INC., et al., Respondents. C & R FARMS, INC., Counterclaim Plaintiffs-Respondents, v TELMARK, INC., et al., Counterclaim Defendants-Appellants. AGWAY, INC., Third-Party Plaintiff, v ONDULINE U.S.A., INC., Third-Party Defendant-Appellant. (Appeal No. 2)—Order unanimously reversed, on the law, without costs. Memorandum: Defendants entered into a lease agreement with Agway, Inc., for the construction and rental of a building used to board horses. Agway assigned the lease to the plaintiff. Defendants ceased paying rent after the roof of the building leaked causing considerable damage and preventing full utilization of the building. When Agway did not adequately remedy the problem, plaintiff sued defendants for the balance of rent due under the lease and defendants asserted some counterclaims for consequential and incidental damages. Plaintiff moved to dismiss those counterclaims on the ground that the terms of the lease specifically precluded its liability for consequential and incidental damages.

Special Term *sua sponte* dismissed those counterclaims but granted defendants leave to amend their answer to assert the claims for consequential and incidental damages by way of the